UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8663 FMO (JCx) | Date | November 12, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. Gila Bend Investments, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):
None Present                          None Present

**Proceedings:**   (In Chambers) Order to Show Cause re: Proofs of Service

On October 7, 2020, the court issued its Standing Order Re: ADA Accessibility Cases, (see Dkt. 11, Court's Order of October 7, 2020), which ordered Carmen John Perri ("plaintiff") to file a proof of service demonstrating service of the complaint and summons on defendant "within 93 days of the filing of the case absent a previously approved extension of time by the court." (Id. at 2). The court admonished plaintiff that "failure to file the proof of service within 93 days after the filing of the case shall result in the dismissal of the action and/or the defendant that has not appeared in the case and for which plaintiff has not filed a proof of service." (Id.) (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, plaintiff filed a proof of service as to De La Torre Investment Properties, LLC ("De La Torre"), on October 22, 2020, (see Dkt. 12, Proof of Service [as to De La Torre]), and a proof of service as to Gila Bend Investments, LLC ("Gila"), on October 27, 2020, (see Dkt. 13, Proof of Service [as to Gila]), but the proofs of service do not comply with Federal Rule of Civil Procedure 4(h). Rule 4 provides that a plaintiff may serve a corporation or other unincorporated entity with a summons and complaint by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h); 4(e)(1).

Both proofs of service indicate that plaintiff attempted to serve De La Torre and Gila (collectively, "defendants") by substitute service. (See Dkt. 12, Proof of Service [as to De La Torre]; Dkt. 13, Proof of Service [as to Gila]). "Under California Code of Civil Procedure section 415.20(a), substitute service may be made on an entity defendant in California by leaving a copy of the summons and complaint during usual office hours in the office of the president of the corporation or in the office of the person designated as agent for service of process." Produce v. California Harvest Healthy Foods Ranch Market, 2012 WL 259575, *3 (N.D. Cal. 2012). Here, for each defendant, the complaint and summons were left at "305 N. Soto St. Suite D Los Angeles, CA 90033 (Cousins Realty)" with "Sandra Doe (hispanic female brown hair brown eyes [ ]) -

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8663 FMO (JCx) | Date | **November 12, 2020** |
|---|---|---|---|
| Title | **Carmen John Perri v. Gila Bend Investments, LLC, et al.** | | |

authorized to accept[.]"  (Dkt. 12, Proof of Service [as to De La Torre]; Dkt. 13, Proof of Service [as to Gila]).  Such service is clearly insufficient.  Indeed, plaintiff does not allege any connection between defendants and "Cousins Realty" or the 305 N. Soto St. address.  (See, generally, Dkt. 1, Complaint).

Based on the foregoing IT IS ORDERED THAT:

1.  The proofs of service **(Documents No. 12 and 13)** are hereby **stricken**.

2.  Plaintiff shall file valid proofs of service no later than **November 23, 2020**.  Plaintiff is cautioned that failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 4 & 41; Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | Initials of Preparer | vdr |
|---|---|---|